UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSE ARIAS, ET AL.                                           CIVIL ACTION

VERSUS

MERCEDES-BENZ USA, LLC,                          NO. 20-00546-BAJ-SDJ
ET AL.

RULING AND ORDER

Before the Court is Defendant Mercedes-Benz USA, LLC's **Motion To Dismiss First Amended Complaint Pursuant To Fed. R. Civ. P. 12(b)(2) (Doc. 10)**. Plaintiffs oppose the Motion. (Doc. 11). Defendant filed a Reply Memorandum. (Doc. 14). Relatedly, Plaintiffs filed a **Motion To Stay Decision On Defendant's Motion To Dismiss And To Compel Jurisdictional Discovery. (Doc. 12, Doc. 13).**

For the reasons stated herein, Defendant's Motion to Dismiss (Doc. 10) is **GRANTED IN PART and DENIED IN PART** and Plaintiffs' Motion to Stay (Doc. 12) is **DENIED.** The Court finds that it lacks personal jurisdiction over Defendant but concludes that it is in the interest of justice to transfer the matter to the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1631 rather than dismiss the case.

1

I. BACKGROUND

This case arises out of a dispute over an allegedly defective vehicle. Plaintiffs Jose and Wynette Arias, domiciled in Louisiana, are the purchasers of the vehicle. (Doc. 6, ¶¶ 1, 17–19). Defendant Mercedes-Benz USA, LLC ("MBUSA") is a Delaware corporation with its principal place of business in Atlanta, Georgia. (*Id.* at ¶ 21).

Plaintiffs allegedly purchased a vehicle from Mercedes Benz of South Mississippi, an authorized MBUSA dealership located in D'Iberville, Mississippi, for $79,037.77. (*Id.* at ¶¶ 19, 23). At the time of purchase, the vehicle was accompanied by a written warranty providing bumper-to-bumper coverage for a period of four years or 50,000 miles. (*Id.* at ¶ 25).

During the warranty period, Plaintiffs allegedly began to experience an odor emanating from the vehicle's HVAC system. (*Id.* at ¶ 28). Plaintiffs assert that they repeatedly brought the vehicle to Mercedes-Benz of New Orleans ("MBNO") for repairs.[1] (*Id.* at ¶¶ 28–35). MBNO, however, only offered the Plaintiffs "for-fee" maintenance and cleanings. (*Id.* at ¶ 28). After various attempted repairs, the defects at issue remained. (*Id.* at ¶¶ 28–35).

Plaintiffs allege that they wrote to Defendant MBUSA to put it on notice that the vehicle was defective. (*Id.* at ¶ 35). Plaintiffs assert that Defendant refused to repair, repurchase, or replace the vehicle. (*Id.*). Plaintiffs now bring claims against Defendant for breach of express warranty (*Id.* at ¶¶ 36–45), breach of implied warranty (*Id.* at ¶¶ 46–50), violations of the Magnusson-Moss Warranty Act,

---

[1] MBNO is not a defendant in this matter.

15 U.S.C. § 2301, *et seq.* (*Id.* at ¶¶ 51–61), and unjust enrichment or "opportunistic breach of contract" (*Id.* at ¶¶ 62–68). (*Id.* at ¶ 3).

Defendant MBUSA moves to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. 10, p. 1).

## II. LEGAL STANDARD

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "The plaintiff bears the burden of establishing jurisdiction, but need only present *prima facie* evidence." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). In considering a motion to dismiss for lack of personal jurisdiction, the Court must accept the plaintiff's "uncontroverted allegations, and resolve in [his] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if the following are met: (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the U.S. Constitution. *Revell*, 317 F.3d at 469. Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction over Defendant would offend federal due process. *See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999)

3

(citing La. R.S. § 13:3201(B)).

> The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice. Sufficient minimum contacts will give rise to either specific or general jurisdiction. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic. Specific jurisdiction arises when the defendant's contacts with the forum arise from, or are directly related to, the cause of action.

*Revell*, 317 F.3d at 470.

The Court has two options upon determining that it lacks personal jurisdiction over a foreign defendant. The first option is to dismiss the foreign defendant without prejudice. *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623 n.2 (5th Cir. 1999). Alternatively, the Court may transfer the entire action "to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; *see Franco v. Mabe Trucking Co.*, No. 19-30316, 2021 WL 1035958, at *3 (5th Cir. Mar. 18, 2021) (holding that "the plain text of § 1631 indicates that it permits a district court to transfer an action when it lacks subject-matter jurisdiction, personal jurisdiction, or both.").

### III. DISCUSSION

#### A. Defendant's Motion to Dismiss

Defendant asserts that the Court does not have jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. 10-1, p. 1).

##### i. Specific Jurisdiction

Defendant argues that the Court lacks specific jurisdiction over it because the Plaintiffs' action does not arise from forum-related contacts. (Doc. 10-1, p. 3, 6). Plaintiffs purchased the vehicle in Mississippi. (*Id.* at p. 6). Plaintiffs then drove the vehicle from Mississippi to their home in Louisiana. (*Id.*). While the vehicle was repaired in Louisiana, Defendant asserts that it was repaired by an independently owned and operated authorized dealer, MBNO, and Plaintiffs make no claim for negligent repair. (*Id.*). Defendant argues that absolutely no activities pertinent to Defendant's relation to the vehicle occurred in Louisiana. (*Id.*). Defendant contends that because the claim does not arise out of forum contacts created by Defendant, Plaintiffs cannot establish specific jurisdiction over Defendant. (*Id.* at p. 8).

Plaintiffs respond that Defendant failed to honor its warranty in Louisiana in three ways: (1) Defendant allowed MBNO to charge Plaintiffs for warranty repairs or refused coverage; (2) Defendant authorized MBNO to perform ineffective repair attempts; and (3) when Plaintiffs contacted Defendant, Defendant communicated to Plaintiffs through their Louisiana counsel. (Doc. 11, p. 11).

Additionally, Plaintiffs argue that Defendant purposely avails itself of Louisiana because it markets and sells thousands of Mercedes-Benz cars with its

warranties in Louisiana every year. (Doc. 11, p. 10). Plaintiffs argue that Defendant distributes Mercedes-Benz branded vehicles in Louisiana throughout a network of authorized dealers. (*Id.* at p. 4). Plaintiffs also assert that Defendant authorizes MBNO, the company that performed the repairs on the vehicle, to use its trademarks and "trade dress" and contend that Defendant and MBNO use similar fonts. (*Id.* at p. 10).

Defendant responds that its sales volume in Louisiana is immaterial because Plaintiffs' cause of action did not arise from a Louisiana sale. (Doc. 14, p. 5). Defendant also asserts that MBNO is not a subsidiary of Defendant, but rather, is an independent and privately owned company. (*Id.* at p. 6). Ultimately, Defendant argues that Plaintiffs' warranty claims arise out of the sale and purchase of the vehicle. (*Id.* at p. 7). The transaction occurred in Mississippi, not Louisiana; Plaintiffs then transported the vehicle to Louisiana where they reside. (*Id.* at p. 7–8). Defendant argues that "[d]ue process does not permit plaintiffs to create personal jurisdiction by their own actions." (*Id.* at p. 8).

The United States District Court for the Western District of Louisiana recently considered strikingly similar circumstances in *Dupree v. Mercedes-Benz, LLC*. There, plaintiff purchased a vehicle from defendant MBUSA in Mississippi and drove it to his home in Louisiana. *Dupree v. Mercedes-Benz USA LLC*, No. CV 6:19-00734, 2019 WL 7597605, at *4 (W.D. La. Dec. 26, 2019), *report and recommendation adopted*, No. CV 6:19-00734, 2020 WL 262759 (W.D. La. Jan. 16, 2020). Repairs were performed on the vehicle at an independently owned and operated authorized dealer rather than

6

defendant MBUSA. *Id.* While defendant MBUSA provided the warranty at issue, it did not directly repair the vehicle it warranted in Louisiana. *Id.*

The court applied the United States Court of Appeals for the Fifth Circuit's three-step analysis for specific jurisdiction and found that the plaintiff failed to establish that his claims resulted from defendant MBUSA's forum-related contacts. *Id.* at *4. The Fifth Circuit's analysis is as follows: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Id.* at *3 (citing *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014)). The court ultimately concluded that "*no* activities germane to [defendant] MBUSA's relation to the vehicle occurred in Louisiana." *Id.* Accordingly, the court found that it did not have specific jurisdiction over defendant MBUSA. *Id.*

Similarly, here, Plaintiffs' cause of action does not arise out of Defendant's forum-related contacts. *See id.* at *4; *see also Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) ("Specific jurisdiction arises when the defendant's contacts with the forum arise from, or are directly related to, the cause of action"). No activities germane to Defendant's relation to the vehicle occurred in Louisiana. *See Dupree*, 2019 WL 7597605, at *4. Rather, Plaintiffs drove to Mississippi, purchased the vehicle, and then drove the vehicle to their home in Louisiana. (Doc. 6, ¶¶ 19, 23–24).

Plaintiffs later sought repairs to the vehicle at MBNO, a Louisiana company that is not named as a defendant in this matter. (*Id.* at ¶ 28). Even if Defendant sells vehicles in Louisiana in general, Plaintiffs did not purchase the vehicle at issue in Louisiana. (*Id.* at ¶¶ 19, 23–24). Plaintiffs did not obtain the warranty from Defendant in Louisiana. (*Id.* at ¶¶ 23–25). Additionally, the fact that Defendant sent two letters to Plaintiffs' counsel's Louisiana address does not rise to the level of "purposefully avail[ing] itself of the privileges of conducting activities" in Louisiana necessary to establish specific jurisdiction. (Doc. 11-1); *see Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014)).

Plaintiffs' unsupported allegation that MBNO is the "agent" of Defendant, or that Defendant authorized MBNO to take certain actions or use certain fonts or trademarks does not persuade otherwise, especially in light of the Declaration of Defendant's Sales Operations Manager, Clifford Thomas Cieslak. (Doc. 11, p. 3; Doc. 10-2); *see also Daimler AG v. Bauman*, 571 U.S. 117, 135 (2014) (finding that the Court did not have general jurisdiction and noting: "Agencies [] come in many sizes and shapes: 'One may be an agent for some business purposes and not others so that the fact that one may be an agent for one purpose does not make him or her an agent for every purpose.'"); *see also Dupree v. Mercedes-Benz USA LLC*, No. CV 6:19-00734, 2019 WL 7597605, at *5 (W.D. La. Dec. 26, 2019), *report and recommendation adopted*, No. CV 6:19-00734, 2020 WL 262759 (W.D. La. Jan. 16, 2020) (finding that plaintiff's allegations related to [defendant] MBUSA's business office and marketing and selling of products in Louisiana are merely conclusive allegations and

unsubstantiated assertions which may not be relied on as evidence) (citing *Butts v. Martin*, 877 F.3d 571, 581–82 (5th Cir. 2017); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A pleading does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement'")).

Cieslak verified the following: Defendant neither manufactures nor assembles Mercedes-Benz parts or passenger vehicles in Louisiana (Doc. 10-2, ¶ 5); Defendant maintains no manufacturing or assembly facility, or presence of any kind, in Louisiana (*Id.* at ¶ 6); Defendant does not maintain a regional office in Louisiana (*Id.* at ¶ 7); Defendant provides service and technical information to the independent Louisiana dealerships by periodically issuing technical and dealer bulletins (*Id.* at ¶ 9); and Defendant does not directly make warranty repairs to Mercedes-Benz passenger vehicles serviced in Louisiana (*Id.* at ¶ 11).

Because Plaintiffs' cause of action does not arise out of or result from the Defendant's forum-related contacts, the Court lacks specific jurisdiction over this matter.

### ii. General Jurisdiction

Defendant also argues that the Court lacks general jurisdiction over it. (Doc. 10-1, p. 9). Plaintiffs respond generally that "[m]inimum contacts with a forum state may be established generally or specifically. . . Both types of contacts with Louisiana are present here." (Doc. 11, p. 8). Apart from this, Plaintiffs make no particular arguments and present no evidence to establish that the Court has general jurisdiction over Defendant.

Contacts between a defendant and the forum state must be "extensive" to satisfy the "continuous and systematic" test. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home."). Clearly, Plaintiffs have failed to establish that Defendant's contacts with Louisiana were so "extensive" to satisfy the "continuous and systematic test," to render Defendant "at home" in Louisiana. Accordingly, the Court will grant Defendant's Motion to Dismiss.

### B. Transfer

In the Opposition to Defendant's Motion to Dismiss, Plaintiffs assert that if the Court determines that it lacks jurisdiction, the Court should transfer the case to an appropriate federal forum—the "District of Mississippi." (Doc. 11, p. 14). Defendants concede that the U.S. District Court for the Southern District of Mississippi would be the appropriate forum. (Doc. 14, p. 8).

Under 28 U.S.C. § 1631, "when a federal 'court finds that there is a want of jurisdiction' and that a transfer would be 'in the interest of justice,' 'the court . . . shall transfer' the action to another court 'in which the action could have been brought' and the transferred action 'shall proceed as if it had been filed in . . . the court to which it was transferred . . . on the date it was actually filed in . . . the court from which it was transferred." *Franco v. Mabe Trucking Co.*, No. 19-30316, 2021 WL 1035958, at *2

(5th Cir. Mar. 18, 2021). The Fifth Circuit held that "the plain text of § 1631 indicates that it permits a district court to transfer an action when it lacks subject-matter jurisdiction, personal jurisdiction, or both." *Id.* at *3. In light of the mandatory language, the Fifth Circuit also recognized that "our sister circuits have approved transfers even when the parties did not move under § 1631 and where the transferring court did not mention § 1631 in its transfer orders." *Id.* at *4.

"A case is 'transferable' pursuant to § 1631 when three conditions are met: (1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice." *Harutyunyan v. Love*, No. 19-cv-41, 2019 WL 5551901, at *6 (E.D. La. Oct. 28, 2019) (quoting *Trejo-Mejia v. Holder*, 593 F.3d 913, 915 (9th Cir. 2010)).

Here, there is no dispute that this action could have been brought in the Southern District of Mississippi. Further, this Court has now determined that it lacks personal jurisdiction over Defendant. Additionally, the Court determines that transfer, not dismissal, best serves the interests of justice to promote judicial efficiency, conserve the parties' resources, and avoid duplication of efforts. Thus, the elements of the test for transferability under § 1631 are satisfied. *See id.*

### C. Plaintiffs' Motion to Stay

Finally, Plaintiffs ask the Court to reserve its decision on Defendant's Motion to Dismiss until after the completion of jurisdictional discovery. (Doc. 13, p. 4).

11

Plaintiffs assert that the opportunity to collect jurisdictional discovery would simplify the resolution of Defendant's challenge to jurisdiction. (*Id.*).

It is well established that "discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). And, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *721 Bourbon, Inc. v. House of Auth, LLC*, 140 F. Supp. 3d 586, 600 (E.D. La. 2015).

In the interest of judicial economy and preservation of the parties' resources, the Court will transfer the matter to the U.S. District Court for the Southern District of Mississippi rather than grant the stay, permit jurisdictional discovery, and continue to expend resources litigating this preliminary stage in the litigation when the parties could achieve more expeditious resolution in the proper forum.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Mercedes-Benz USA, LLC's **Motion To Dismiss First Amended Complaint Pursuant To Fed. R. Civ. P. 12(b)(2) (Doc. 10)** is **GRANTED IN PART and DENIED IN PART.** The Court finds that it does not have personal jurisdiction over Defendant.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion To Stay Decision On Defendant's Motion To Dismiss And To Compel Jurisdictional Discovery (Doc. 12)** is **DENIED.**

**IT IS FURTHER ORDERED** that this matter be and is hereby transferred to the United States District Court for the Southern District of Mississippi.

**IT IS FURTHER ORDERED** that Defendant Mercedes-Benz USA, LLC's **Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(2) (Doc. 4)** is **DENIED AS MOOT.**

Baton Rouge, Louisiana, this 30th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**